FILED IN CHAMBERS
RICHARD W. STORY
U.S.D.C. Atlanta

APR 1 8 2006

LUTHER D. THOMAS, Clerk
By: / Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONICA BROWN,<br>　　　Petitioner,<br><br>v.<br><br>GEORGIA,<br>　　　Respondent. | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254<br><br>CIVIL ACTION NO.<br>1:06-CV-0709-RWS |

## OPINION AND ORDER

Petitioner has filed the instant petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. The matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").

## Rule 4 Review

Rule 4 requires this Court to "promptly examine" habeas corpus petitions and to order summary dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts are thus mandated by Rule 4 to prescreen and dismiss a frivolous habeas petition prior to any answer or other pleading by the state when the

petition "appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). Thus, Rule 4 explicitly requires a district court to dismiss summarily a petition on the merits when no claim for relief is stated. This power is rooted in "the duty of the court [under 28 U.S.C. § 2243] to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee's Note.

## Procedural History

On June 29, 2001, in the Gwinnett County Superior Court, Petitioner was convicted after a jury trial on four counts of criminal attempt to commit theft by taking. The trial court sentenced Petitioner to four, concurrent, five-year terms of probation. Petitioner appealed, and, on July 1, 2004, the Georgia Court of Appeals affirmed her convictions and sentences. Brown v. State, 602 S.E.2d 158 (Ga. Ct. App. 2004). The Georgia Court of Appeals denied Petitioner's motion for reconsideration on July 21, 2004, and the Georgia Supreme Court denied certiorari on November 22, 2004. Id. It does not appear that Petitioner filed a petition for a writ of habeas corpus in state court.

AO 72A
(Rev.8/82)

### Title 28 U.S.C. § 2244(d) Statute of Limitations

Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, amended 28 U.S.C. § 2244 by adding the following provision: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Under § 2244(d)(1), Petitioner was required to file her federal habeas application within one year of the date that she could no longer directly appeal her conviction. After the Georgia Supreme Court denied certiorari on November 22, 2004, Petitioner had ninety days to file a petition for a writ of certiorari with the United States Supreme Court, which she did not do. Accordingly, the § 2244(d) limitations period began to run at the conclusion of the 90-day period or on February 20, 2005, the date on which Petitioner no longer had access to direct review of her conviction. See Bond v. Moore, 309 F.3d 770, 774 (11th Cir. 2002). In order for the petition to be timely, she must have filed it no later than February 20, 2006. Petitioner

3

filed her petition on March 27, 2006, over a month too late. This Court thus finds the instant petition to be untimely pursuant to 28 U.S.C. § 2244(d).

### Conclusion

Pursuant to Rule 4, federal district courts are empowered to raise the AEDPA's statute of limitation <u>sua sponte</u> and dismiss those actions which are time barred. <u>Jackson v. Secretary for Dept. of Corrections</u>, 292 F.3d 1347, 1349 (11th Cir. 2002).

As this Court has found that the instant petition is untimely pursuant to 28 U.S.C. § 2244(d), it is hereby **ORDERED** that this action be **DISMISSED** pursuant to Rule 4.

**IT IS SO ORDERED** this 18th day of April, 2006.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)