**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|                      |   |                          |
|----------------------|---|--------------------------|
|                      | : |                          |
|                      | : |                          |
| MONICA BROWN,        | : |                          |
|                      | : |                          |
| Petitioner,          | : | PRISONER HABEAS CORPUS   |
|                      | : | 28 U.S.C. § 2254         |
| v.                   | : |                          |
|                      | : | CIVIL ACTION NO.         |
| STATE OF GEORGIA,    | : | 1:06-CV-0709-RWS         |
|                      | : |                          |
| Respondent.          | : |                          |
|                      | : |                          |

**ORDER**

Now before the Court are Petitioner's (1) Motion for Reconsideration

Notice of Appeal and Certificate of Appealability [5-1, 6, 9][1]; (2) Motion to

Appoint Counsel [7]; and (3) Motion to Appeal *in forma pauperis* [11].  After

considering the entire record, the Court enters the following Order.

**Background**

In 1997, Petitioner was indicted on two counts of theft by taking and five

counts of criminal attempt to commit theft.  The trial court dismissed the theft

---

[1] Petitioner's filings docketed at numbers 5-1, 6, and 9 respectively are identical. Accordingly, the Court will cite only to Petitioner's filing docketed at number 5-1.

by taking counts and one count of criminal attempt.  The remaining counts were tried to a jury, and Petitioner was convicted on four counts of criminal attempt to commit theft and sentenced to concurrent five-year terms to be served on probation.  See Brown v. State, 602 S.E.2d 158, 158 (Ga. Ct. App. 2004).  On July 1, 2004, Petitioner's conviction was affirmed by the Georgia Court of Appeals.  Id.  On July 21, 2004, the Georgia Court of Appeals denied Petitioner's motion for reconsideration, and on November 22, 2004, the Georgia Supreme Court denied Petitioner's request for certiorari review.  Id.  Petitioner did not petition the United States Supreme Court for review and it does not appear that Petitioner filed a petition for writ of habeas corpus in the state courts.

On March 27, 2006, Petitioner filed the instant petition in this Court pursuant to 28 U.S.C. § 2254.  Upon review, this Court dismissed Petitioner's case pursuant to Rule 4 on the grounds that Petitioner's claim is time-barred.[2] (Order of Apr. 18, 2006 [2].)  Petitioner now moves for a certificate of

---

[2] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to summarily dismiss a petition for writ of habeas corpus if  "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court." 28 U.S.C. foll. § 2254, advisory committee notes.

appealability, permission to appeal *in forma pauperis*, and for the appointment
of counsel.

## Discussion

**I.      Certificate of Appealability**

   **A.      Applicable Standard**

For purposes of the instant motion, the sole question for the Court to
resolve is whether Petitioner is entitled to a certificate of appealability on the
issue of whether the Court's dismissal of her petition as untimely under 28
U.S.C. § 2244(d) was erroneous.  Whether a habeas petitioner is entitled to a
certificate of appealability is a threshold question.  <u>Gonzalez v. Sec'y for Dept.
of Corr.</u>, 366 F.3d 1253, 1264 (11th Cir. 2004) (en banc) ("The certificate of
appealability is a threshold or gateway requirement which serves to filter out
from the appellate process cases in which the possibility of reversal is too
unlikely to justify the cost to the system of a full appellate examination.").
"[D]eciding whether to issue [a certificate of appealability] neither requires nor
permits full consideration of the factual and legal merits of the claims." <u>Id.</u> at
1267.

AO 72A
(Rev.8/82)

When considering whether to issue a certificate of appealability where a habeas petition is dismissed on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, "courts must consider the debatability of the procedural ruling, and no certificate may be issued if the petitioner fails to make a substantial showing that the procedural ruling was wrong." Gonzalez, 366 F.3d at 1265.  That is to say, "a [certificate of appealability] should issue only if the petitioner shows 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " Lawrence v. Florida, 421 F.3d 1221, 1225 (11th Cir. 2005) (quoting Slack v. McDaniel, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)).  "If the procedural bar is obvious and the district court correctly invoked it to dispose of the case, 'a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.' " Lawrence, 421 F.3d at 1225 (quoting Slack, 529 U.S. 473).

**B.      Jurists of Reason Could not Find the Court's Application of the § 2244(d)(1) Limitations Period Debatable**

For individuals in custody pursuant to the judgment of a state court, the
applicable limitation period for filing a petition for habeas corpus relief in the
federal courts is set forth in 28 U.S.C. § 2244(d).  In pertinent part, as amended
by the Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-32,
110 Stat. 1214 (1996), § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by
> the conclusion of direct review or the expiration of the
> time for seeking such review. . . .

The Eleventh Circuit has held that a habeas petitioner's judgment of conviction
becomes "final" within the meaning of § 2244(d)(1) on the date that either (1)
the United States Supreme Court issues a decision on the merits or denies
certiorari, if a timely petition for certiorari was filed, or (2) the defendant's time
for filing a petition for writ of certiorari in the United States Supreme Court
expires.  Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002).  Pursuant to
Supreme Court Rule 13.1, a petition for writ of certiorari seeking review of a
state court judgment that is subject to discretionary review by the state court of

5

last resort must be filed within 90 days after the entry of an order denying

discretionary review.

In this case, Petitioner did not seek review of her conviction in the

Supreme Court of the United States.  Accordingly, her judgment of conviction

became final for purposes of the § 2244(d)(1) one-year limitation period when

her time for filing a petition for writ of certiorari in the United States Supreme

Court expired.  Id.  Thus, Petitioner's judgment became final on February 20,

2005, or 90 days after November 22, 2004 when the Georgia Supreme Court

denied her petition for certiorari.  To be timely, therefore, her federal habeas

petition must have been filed on or before February 20, 2006.  Petitioner

initiated this habeas action on March 27, 2006, and as the Court concluded in its

Order dismissing Petitioner's case, it is plainly barred by the applicable

limitations period.  Thus, in the absence of some reason to equitably toll the §

2244(d)(1) limitations period, the Court's must conclude that jurists of reason

would not find its procedural ruling debatable and Petitioner is not entitled to a

certificate of appealability on this issue.

**C.      Petitioner is not Entitled to Equitable Tolling of the
         Limitations Period**

The Eleventh Circuit has recognized that the one-year period of limitation may be equitably tolled.  See Wade v. Battle, 379 F.3d 1254, 1264 (11th Cir. 2004).  "Equitable tolling can be applied to prevent the application of [the] AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  Id. at 1264-65 (quoting Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001)).  "Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Id. at 1265 (internal quotations omitted).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Petitioner purports to offer two bases to excuse her delay in filing her habeas petition.  First, Petitioner asserts that her appointed appellate counsel failed to inform her that the limitations period runs from the date on which the period for seeking direct review expired.  In this regard, Petitioner appears to argue that counsel erroneously informed her that the time to file her federal

7

habeas petition began to run upon "a final conviction" as defined by O.C.G.A. §

45-12-35(a). (<u>See</u> Mot. for Reconsid. Notice of Appeal and Certificate of

Appealability [5-1] at 1-2.)  Second, Petitioner implies that because she was

"devastated" by the Georgia Court of Appeals' affirmance of her conviction and

the subsequent denial of certiorari review by the Georgia Supreme Court, she

was incapable of timely filing her federal habeas petition.  (<u>Id.</u> at 2-3 (stating

that "to have counsel squander her opportunity [for relief on direct review] was

gut wrenching, [and thus] it took her nearly 12-months to recover from the

debacle.").)  The Court finds neither contention persuasive and concludes that

Petitioner may not avail herself of the extraordinary remedy of equitable tolling.

With respect to her first contention, Petitioner's filings make it far from

clear that she in fact relied on her attorney's erroneous advice regarding the

applicable limitations period.  Assuming <u>arguendo</u> that she did, however,

Petitioner is not entitled to have the limitations period applicable to her claim

equitably tolled.  The Eleventh Circuit has repeatedly held that good faith

reliance on the erroneous advice of counsel does not constitute an

"extraordinary circumstance" sufficient to warrant equitable tolling.  <u>See</u>

<u>Lawrence</u>, 421 F.3d at 1226 ("[W]e have stated on numerous occasions that

8

attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline."); Howell v. Crosby, 415 F.3d 1250, 1250 (11th Cir. 2005) (same); Helton v. Sec'y for Dept. of Corr., 259 F.3d 1310, 1313 (11th Cir. 2001) ("[A]n attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling."); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (same). Moreover, Petitioner cannot establish her own due diligence where counsel's advice placed her on notice of the need to check the federal habeas provisions herself. E.g., Helton, 259 F.3d at 1313. Accordingly, Petitioner's mistaken belief as to the running of the § 2244(d)(1) limitations period provides no basis for relief.

As to Petitioner's second basis for relief, the Court is unpersuaded by the implication of her argument that she suffered some unspecified mental impairment as a result of the "gut wrenching" trial and appeal process which left her unable to file her habeas petition for a period of 12 months. Such vague and unspecific allegations of incompetency have been uniformly rejected by the courts of appeals in general, and the Eleventh Circuit in particular, as a basis for applying the doctrine of equitable tolling. See, e.g., Lawrence, 421 F.3d at

1226-27 (refusing to equitably toll § 2244(d)(1) limitation period on basis of claim of mental impairment where petitioner could not establish causal connection between alleged mental incapacity and his ability to timely file a petition and collecting cases from other circuits holding the same).  Thus, in the absence of a specific showing as to both the nature of her impairment and the establishment of some causal connection between that impairment and her inability to timely file her petition, Petitioner's implication that the "devastation" she suffered from as a result of being tried and convicted of a crime provides no basis for relief from the § 2244(d)(1) limitation period.

In light of the foregoing, the Court concludes that reasonable jurists could not find its application of the § 2244(d)(1) limitation period to dismiss her habeas petition debatable.  Additionally, Petitioner has failed to establish both the "extraordinary circumstances" and her own due diligence required to avail herself of the remedy of equitable tolling.  Accordingly, Petitioner's Motion for Certificate of Appealability [5-1, 6, 9] is **DENIED**.

## II.    Remaining Motions

In view of the Court's denial of Petitioner's application for certificate of appealability, Petitioner's Motion to Appeal *in forma pauperis* [11] and Motion

10

for Appointment of Counsel [7] are **DENIED as moot**.

### Conclusion

For the above stated reasons, Petitioner's Motion for Reconsideration Notice of Appeal and Certificate of Appealability [5-1, 6, 9] is **DENIED**. Petitioner's Motion to Appoint Counsel [7] and Motion to Appeal *in forma pauperis* [11] are **DENIED as moot**.

**SO ORDERED** this  8th  day of June, 2006.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

11